# EXHIBIT F

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------------X

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                                 Plaintiffs,

              -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
LIBERTY MUTUAL HOLDING COMPANY INC.,
LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL
INSURANCE COMPANY, and LIBERTY MUTUAL
INSURANCE,

                           Defendants
-------------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff's Address:
545 Fifth Avenue Suite 1400
New York, NY 10017

Plaintiffs designate New
York County as the venue
of this action

The basis of venue is a
Plaintiff's Resident County

Index No. purchased

on:_____

To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:    New York, New York
            January 9, 2019

                         ABRAMS, GORELICK, FRIEDMAN &
                         JACOBSON, LLP
                         Attorneys for Plaintiffs

                         Mark Ian Binsky

One Battery Park Plaza - 4th Floor
New York, New York  10004
Telephone:     (212) 422-1200
File No.:       31788
c

To the defendants:

Liberty Mutual Fire Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Holding Company Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Group Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance
175 Berkeley Street
Boston, MA 02116-5066

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                               Plaintiffs,

        -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

                               Defendants.
------------------------------------------------------------------x

Index No.:

**COMPLAINT**

        Plaintiffs, by their attorneys, Abrams, Gorelick, Friedman & Jacobson, LLP, as and for

their complaint herein, allege the following upon information and belief:


                              <u>THE PARTIES</u>

        1.      At all times hereinafter mentioned, plaintiff, 200 WATER PROPERTY OWNER,

LLC ("Water LLC"), was a limited liability company, duly organized and existing under and by

virtue of the laws of the State of Delaware with authority to do business in the State of New

York.

        2.      At all times hereinafter mentioned, plaintiff, 177 FRONT STREET, LLC ("Front

LLC"), was a limited liability company, duly organized and existing under and by virtue of the

laws of the State of Delaware.

Case 1:19-cv-08246-LGS    Document 1-6    Filed 09/04/19    Page 5 of 72

3.      At all times hereinafter mentioned, plaintiff, 177 FRONT MEMBER, LLC
("Member LLC"), was a limited liability company, duly organized and existing under and by
virtue of the laws of the State of Delaware.

4.      At all times hereinafter mentioned, plaintiff, DUMBO ASSEMBLAGE, LLC
("Dumbo LLC"), was a limited liability company, duly organized and existing under and by
virtue of the laws of the State of Delaware with authority to do business in the State of New
York.

5.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL FIRE
INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue
of the laws of the State of Wisconsin and licensed in the State of New York to conduct the
business of insurance.

6.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL HOLDING
COMPANY INC. was a foreign corporation.

7.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL GROUP
INC., was a corporation, duly organized and existing under and by virtue of the laws of the State
of Massachusetts with authority to do business in the State of New York.

8.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL
INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue
of the laws of the State of Massachusetts and licensed in the State of New York to conduct the
business of insurance.

9.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL
INSURANCE, was a foreign corporation.

## AS AND FOR PLAINTIFFS' CAUSE OF ACTION
## IN BREACH OF CONTRACT

10.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth, *supra*, in paragraphs 1 through 9, inclusive, with the same force and effect as though they were more fully set forth at length herein.

11.    On or about May 13, 2014, defendants, for good and valuable consideration, issued an insurance policy ("the policy"), bearing policy number `REDACTED` .0-024, to Water LLC., the named insured, with Front LLC, Member LLC and Dumbo LLC named as additional insureds on the policy. The policy was subsequently renewed and was in full force and effect on or about October 13, 2016.

12.    The policy provided (*inter alia*) builders' risk coverage on an all-risk basis for the "jobsite" described in the policy as 200 Water Street Brooklyn, NY 11201 ("the building") and the "rehabilitation or renovation project" plaintiffs were conducting at the building during the time the policy was in full force and effect.

13.    The policy included (*inter alia*) first party property insurance coverage for "existing buildings" and afforded plaintiffs "delay in completion" coverage as well.

14.    On or about October 13, 2016, while the policy was in full force and effect, the building suffered physical loss and damage from a peril covered by the policy.

3

15.     Plaintiffs made claim to defendants under the policy for the physical loss and damage to the building.

16.     Defendants paid plaintiffs on their claim for physical loss and damage to the building.

17.     By paying plaintiffs on their claim for physical loss and damage to the building, defendants admitted that the physical loss and damage that was the subject of the claim was covered under the policy.

18.     The aforementioned physical loss and damage to the building also caused a delay in completion of plaintiffs' "rehabilitation or renovation project" at the building.

19.     On or about October 13, 2016 and thereafter, Plaintiffs made claim to defendants under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building due to the aforementioned covered physical loss and damage to the building.

20.     Defendants have failed and refused, and continue to fail and refuse, to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building, despite demands that such payment be made.

21.     Defendants' continued refusal to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building was and is unjustified and constitutes a breach of contract.

4

22.    As a result of defendants' breach of contract, plaintiffs have been damaged in a sum in excess of $550,671, no portion of which has been paid to plaintiffs despite demands for such payment.

23.    On or about October 2, 2018 and October 3, 2018, defendants agreed to extend plaintiffs' time to sue under the policy for the denial of the claim in question herein to and including January 11, 2019.

**WHEREFORE,** plaintiffs demand judgment against defendants for the sum of at least $550,671, together with pre-judgment interest from on or about October 13, 2016, and attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
    January 9, 2019

ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, LLP
Attorneys For Plaintiffs

By: _____
        Mark Ian Binsky
One Battery Park Plaza — 4th Floor
New York, New York 10004
(212) 422-1200
File No.: 31788
c

5

**AFFIDAVIT OF SERVICE**

*Abrams Gorelick*
*N 495418*

STATE OF NEW YORK
COUNTY OF NEW YORK          SUPREME COURT    FILED ON: 1/9/2019    INDEX NO.: 650168/2019

200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER, LLC, AND DUMBO ASSEMBLAGE, LLC

Plaintiff(s)-Petitioner(s)

-vs-

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET. AL.

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY          being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On JANUARY 29, 2019          at 10:50 A.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 650168/2019          and date of filing: 1/9/2019
upon **LIBERTY MUTUAL FIRE INSURANCE COMPANY**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

## MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 1 copy with} **SUE ZOUKY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 307 BCL and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☒ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address 175 BERKELEY STREET    BOSTON, MA 02116
on 1/29/2019 . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by__first class mail__ certified mail X registered mail X return receipt requested.
Certified or Registered number: RE674946441US

Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or the United States as the term is defined in either State or Federal statutes.

## DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE          Hair Color: BLONDE
Approximate Age: 60    years    Approximate Height: 5'4"          Approximate Weight: 130    pounds
Other:

Subscribed and sworn before me on} JANUARY 29, 2019

Attorney:
Abrams, Fensterman, Fensterman,
Eisman, Formato, Ferrara, Wolf &
Carone LLP
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300

FIRM FILE # 495418

Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2021

affidavit #: 188256
NLS#: 19-930

MARK E. MCCLOSKY

Deponent

**AFFIDAVIT OF SERVICE**

*Abrams Gorelick*
*N    495425*

STATE OF NEW YORK
COUNTY OF NEW YORK    SUPREME COURT    FILED ON: 1/9/2019    INDEX NO.: 650168/2019

200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, AND DUMBO ASSEMBLAGE, LLC    Plaintiff(s)-Petitioner(s)

-vs-

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET. AL.

    Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY    being duly sworn, deposes and says that deponent is over the age of eighteen years,
is not a party in this proceeding and resides in New York State.

On JANUARY 29, 2019    at 10:50 A.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 650168/2019    and date of filing: 1/9/2019
upon **LIBERTY MUTUAL GROUP INC.**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

**MANNER OF SERVICE}**

*Personal*
☐    By delivering to and leaving with personally}
    known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐    By delivering and leaving with personally}
    at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after
    conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒    By delivering and leaving 1 copy with} **SUE ZOUKY, BUSINESS DOCUMENT SPECIALIST**
    the agent for service on the person in this proceeding designated under Rule 307 BCL and tendering the required fee.
    Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐    By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
    Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and
    discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the
    following dates and times:

*Mailing*
☒    Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository
    under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential"
    and mailed to the person stated above at address 175 BERKELEY STREET    BOSTON, MA 02116
    on 1/29/2019 . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action
    against the recipient. The envelope was mailed by __first class mail__ certified mail X registered mail X return receipt requested.
    Certified or Registered number: RE674946336US

Deponent further states upon information and belief that said person so served is not in the Military service
of the State of New York or the United States as the term is defined in either State or Federal statutes.

**DESCRIPTION}** deponent describes the person actually served as:
Sex: FEMALE    Race/Skin Color: WHITE    Hair Color: BLONDE
Approximate Age: 60    years    Approximate Height: 5'4"    Approximate Weight: 130    pounds
Other:

Subscribed and sworn before me on} JANUARY 29, 2019

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2021

    affidavit #: 188258
    NLS#: 19-930

Attorney:
Abrams, Fensterman, Fensterman,
Eisman, Formato, Ferrara, Wolf &
Carone LLP
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300

FIRM FILE # 495425

_____
MARK E. MCCLOSKY
Deponent

**SUPREME**
**STATE OF NEW YORK, COUNTY OF NEW YORK**

**Attorneys: Company:** ABRAMS, GORELICK, FRIEDMAN & JACOBSON LLP PH: (212) 422-1200
**Address:** ONE BATTERY PARK PLAZA 4TH FL NEW YORK, NEW YORK 10004

INDEX #: 650168/2019

Date Filed: 01/09/2019

Client's File No.:

### 200 WATER PROPERTY OWNER, LLC ETC

vs                                                                                                           Plaintiff

### LIBERTY MUTUAL FIRE INSURANCE COMPANY, ETC

Defendant

STATE OF ___MA___ , COUNTY OF ___Suffolk___ SS.: **AFFIDAVIT OF SERVICE**

___John Rymaszki___ , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age. On ___1/29/19___ at ___10:38 AM___

at X ___84 State St., Boston, MA c/o CSC - Registered Agent___, deponent served the within

SUMMONS & COMPLAINT WITH NOTICE OF ELECTRONIC FILING, RIDER TO NOTICE OF ELECTRONIC FILING

___* Address correction to CSC - Registered Agent___

on: **LIBERTY MUTUAL HOLDING COMPANY, INC** , _____therein named.

**#1 INDIVIDUAL** [ ] By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORPORATION** [X] By delivering thereat a true copy of each to ___Bernardo Montano 2___ and that deponent knew the person so served to be the ___Clerk___ of the corporation, and authorized to to accept service on behalf of the corporation.

**#3 SUITABLE AGE PERSON** [ ] By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** [ ] By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called
thereat on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#5 MAIL COPY** [ ] On _____, deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.
[ ] and by Certified Mail # _____

**#6 NON-SRVC** [ ] After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown at Address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] Other: _____

**#7 DESCRIPTION** A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3) Sex: ___M___ Color of skin: ___HISP___ Color of hair: ___Brown___ Age: ___50___ Height: ___5'8"___
Weight: ___200___ Other Features: _____

**#8 WIT FEES** [ ] Subpoena Fee Tendered in the amount of _____

**#9 MILITARY SRVC** [ ] Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or of the State of _____ and was informed that recipient was not. Recipient wore ordinary civilian clothes and no military u

**#10 OTHER** [ ] _____

Sworn to before me on ___1/29/19___

Please Print Name Below Signature
John Rymaszki
Job # 495424

**AFFIDAVIT OF SERVICE**

Abrams Gorelick
N     495427

STATE OF NEW YORK
COUNTY OF NEW YORK          SUPREME COURT     FILED ON: 1/9/2019     INDEX NO.: 650168/2019

200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER, LLC, AND DUMBO ASSEMBLAGE, LLC

Plaintiff(s)-Petitioner(s)

-vs-

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET. AL.

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY                being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On JANUARY 29, 2019          at 10:50 A.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 650168/2019          and date of filing: 1/9/2019
upon **LIBERTY MUTUAL INSURANCE COMPANY**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
   known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
   at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 1 copy with} **SUE ZOUKY, BUSINESS DOCUMENT SPECIALIST**
   the agent for service on the person in this proceeding designated under Rule 307 BCL and tendering the required fee.
   Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
   Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☒ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address 175 BERKELEY STREET  BOSTON, MA 02116
   on 1/29/2019 . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by__first class mail__ certified mail X registered mail X return receipt requested.
   Certified or Registered number: RE674946336US

Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or the United States as the term is defined in either State or Federal statutes.

DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE                    Hair Color: BLONDE
Approximate Age: 60    years    Approximate Height: 5'4"    Approximate Weight: 130  pounds
Other:

Subscribed and sworn before me on} JANUARY 29, 2019

Attorney:
Abrams, Fensterman, Fensterman,
Eisman, Formato, Ferrara, Wolf &
Carone LLP
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300
FIRM FILE # 495427

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2021

_____
MARK E. MCCLOSKY
Deponent

affidavit #: 188257
NLS#: 19-930

INDEX NO. 650168/2019

 RECEIVED NYSCEF: 03/05/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177 FRONT   :
STREET, LLC, 177 FRONT MEMBER, LLC, and    :
DUMBO ASSEMBLAGE, LLC                        :
                                             :
                              Plaintiffs,    :    Index No.: 650168/2019
                                             :
            - against -                      :    **STIPULATION EXTENDING**
                                             :    **TIME TO ANSWER OR**
                                             :    **OTHERWISE MOVE IN**
LIBERTY MUTUAL FIRE INSURANCE COMPANY,       :    **RESPONSE TO THE**
LIBERTY MUTUAL HOLDING COMPANY INC.,         :    **COMPLAINT**
LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL    :
INSURANCE COMPANY and LIBERTY MUTUAL         :
INSURANCE,                                   :
                              Defendants.    :                                :
------------------------------------------------------------------------x

**IT IS HEREBY STIPULATED AND AGREED** by and between the attorneys for the

parties in the above-captioned matter that the time for Defendants, Liberty Mutual Fire Insurance

Company, Liberty Mutual Holding Company, Inc., Liberty Mutual Group, Inc., Liberty Mutual

Insurance Company and Liberty Mutual Insurance, to answer or otherwise move in response to

the Complaint is hereby extended up to and including March 20, 2019; and

**IT IS FURTHER STIPULATED AND AGREED,** that this Stipulation may be

executed in counterparts, including by facsimile or electronic signature, with each counterpart

being deemed an original, and all counterparts so executed shall constitute one agreement

binding on both Plaintiffs and Defendants hereto, notwithstanding that Plaintiffs' and

Defendants' attorneys may not both be signatories to the same counterpart.

Dated: New York, New York
       February 28, 2019

Mark I. Binsky, Esq.
ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, LLP
*Attorneys for Plaintiff s*
One Battery Park Plaza – 4th Floor
New York, NY 10004
(212) 422-1200
MBinsky@agfjlaw.com

Christopher S. Finazzo, Esq.
Jonathan M. Zagha, Esq.
FINAZZO COSSOLINI O'LEARY
 MEOLA & HAGER, LLC
*Attorneys for Defendants*
5 Penn Plaza, 23rd Floor
New York, NY 10001
(646) 378-2033
christopher.finazzo@finazzolaw.com
jonathan.zagha@finazzolaw.com

SO ORDERED:

2

**AFFIDAVIT OF SERVICE**

*Abrams Gorelick*
*N*
*495418*

STATE OF NEW YORK
COUNTY OF NEW YORK    SUPREME COURT   FILED ON: 1/9/2019   INDEX NO.: 650168/2019

200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, AND DUMBO ASSEMBLAGE, LLC

Plaintiff(s)-Petitioner(s)

-vs-

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET. AL.

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY              being duly sworn, deposes and says that deponent is over the age of eighteen years,
is not a party in this proceeding and resides in New York State.

On JANUARY 29, 2019        at 10:50 A.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 650168/2019        and date of filing: 1/9/2019
upon **LIBERTY MUTUAL FIRE INSURANCE COMPANY**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

MANNER OF SERVICE}

*Personal*
[ ] By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
[ ] By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after
conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
[X] By delivering and leaving 1 copy with} **SUE ZOUKY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 307 BCL and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
[ ] By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and
discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the
following dates and times:

*Mailing*
[X] Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository
under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential"
and mailed to the person stated above at address 175 BERKELEY STREET    BOSTON, MA 02116
on 1/29/2019. The envelope did not indicate on the outside that the communication was from an attorney or concerned an action
against the recipient. The envelope was mailed by __ first class mail __ certified mail X registered mail X return receipt requested.
Certified or Registered number: RE674946441US

Deponent further states upon information and belief that said person so served is not in the Military service
of the State of New York or the United States as the term is defined in either State or Federal statutes.

DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE              Race/Skin Color: WHITE              Hair Color: BLONDE
Approximate Age: 60 years   Approximate Height: 5'4"         Approximate Weight: 130 pounds
Other:

Subscribed and sworn before me on JANUARY 29, 2019

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2021

affidavit #: 188256
NLS#: 19-930

Attorney:
Abrams, Fensterman, Fensterman,
Eisman, Formato, Ferrara, Wolf &
Carone LLP
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300

FIRM FILE # 495418

_____
MARK E. MCCLOSKY

Deponent

SS 495418

| SENDER: *COMPLETE THIS SECTION* | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. <br> ■ Print your name and address on the reverse so that we can return the card to you. <br> ■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature <br> X  RECEIVED  ☐ Agent  ☐ Addressee <br> B. Received by (Printed Name)  C. Date of Delivery <br> FEB 0 6 2019 |

1. Article Addressed to:

LIBERTY MUTUAL FIRE INSURANCE COMPANY
175 BERKLEY STREET
BOSTON, MA 02116

BOSTON OFFICE 0001

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

Feb-6-19

9590 9402 4645 8323 0996 29

RE 674 946 441 US

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



USPS TRACKING #

9590 9402 4645 8323 0996 29

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box•

P.O. Box 180
Burnt Hills, NY 12027

NYSCEF DOC. NO. 8          Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 17 of 72   RECEIVED NYSCEF: 03/14/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                                Plaintiffs,

        -against-


LIBERTY MUTUAL FIRE INSURANCE COMPANY,
LIBERTY MUTUAL HOLDING COMPANY INC.,
LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL
INSURANCE COMPANY, and LIBERTY MUTUAL
INSURANCE,

                           Defendants

------------------------------------------------------------------------X

Index No.:

**SUMMONS**
Plaintiff's Address:
545 Fifth Avenue Suite 1400
New York, NY 10017


Plaintiffs designate New
York County as the venue
of this action

The basis of venue is a
Plaintiff's Resident County

Index No. purchased

on: _1/9/19_


To the above named defendant(s):


**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.


Dated:   New York, New York
         January 9, 2019


                                   ABRAMS, GORELICK, FRIEDMAN &
                                   JACOBSON, LLP
                                   Attorneys for Plaintiffs

                                   Mark Ian Binsky

INDEX NO. 650168/2019
FILED: NEW YORK COUNTY CLERK 01/09/2019 Filed 09/04/19   Page 13 of 72
NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 03/14/2019
RECEIVED NYSCEF: 01/09/2019

One Battery Park Plaza - 4th Floor
New York, New York  10004
Telephone:      (212) 422-1200
File No.:        31788
c

To the defendants:

Liberty Mutual Fire Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Holding Company Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Group Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance
175 Berkeley Street
Boston, MA 02116-5066

2

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                        Plaintiffs,

       -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

                      Defendants.

-------------------------------------------------------------------x

Index No.:

**COMPLAINT**

      Plaintiffs, by their attorneys, Abrams, Gorelick, Friedman & Jacobson, LLP, as and for

their complaint herein, allege the following upon information and belief:

### THE PARTIES

      1.      At all times hereinafter mentioned, plaintiff, 200 WATER PROPERTY OWNER,

LLC ("Water LLC"), was a limited liability company, duly organized and existing under and by

virtue of the laws of the State of Delaware with authority to do business in the State of New

York.

      2.      At all times hereinafter mentioned, plaintiff, 177 FRONT STREET, LLC ("Front

LLC"), was a limited liability company, duly organized and existing under and by virtue of the

laws of the State of Delaware.

3. At all times hereinafter mentioned, plaintiff, 177 FRONT MEMBER, LLC ("Member LLC"), was a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

4. At all times hereinafter mentioned, plaintiff, DUMBO ASSEMBLAGE, LLC ("Dumbo LLC"), was a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware with authority to do business in the State of New York.

5. At all times hereinafter mentioned, defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin and licensed in the State of New York to conduct the business of insurance.

6. At all times hereinafter mentioned, defendant, LIBERTY MUTUAL HOLDING COMPANY INC. was a foreign corporation.

7. At all times hereinafter mentioned, defendant, LIBERTY MUTUAL GROUP INC., was a corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts with authority to do business in the State of New York.

8. At all times hereinafter mentioned, defendant, LIBERTY MUTUAL INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and licensed in the State of New York to conduct the business of insurance.

9. At all times hereinafter mentioned, defendant, LIBERTY MUTUAL INSURANCE, was a foreign corporation.

2

## AS AND FOR PLAINTIFFS' CAUSE OF ACTION
## IN BREACH OF CONTRACT

10.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth, *supra*, in paragraphs 1 through 9, inclusive, with the same force and effect as though they were more fully set forth at length herein.

11.    On or about May 13, 2014, defendants, for good and valuable consideration, issued an insurance policy ("the policy"), bearing policy number 'REDACTED          :0-024, to Water LLC., the named insured, with Front LLC, Member LLC and Dumbo LLC named as additional insureds on the policy. The policy was subsequently renewed and was in full force and effect on or about October 13, 2016.

12.    The policy provided (*inter alia*) builders' risk coverage on an all-risk basis for the "jobsite" described in the policy as 200 Water Street Brooklyn, NY 11201 ("the building") and the "rehabilitation or renovation project" plaintiffs were conducting at the building during the time the policy was in full force and effect.

13.    The policy included (*inter alia*) first party property insurance coverage for "existing buildings" and afforded plaintiffs "delay in completion" coverage as well.

14.    On or about October 13, 2016, while the policy was in full force and effect, the building suffered physical loss and damage from a peril covered by the policy.

3

15.    Plaintiffs made claim to defendants under the policy for the physical loss and damage to the building.

16.    Defendants paid plaintiffs on their claim for physical loss and damage to the building.

17.    By paying plaintiffs on their claim for physical loss and damage to the building, defendants admitted that the physical loss and damage that was the subject of the claim was covered under the policy.

18.    The aforementioned physical loss and damage to the building also caused a delay in completion of plaintiffs' "rehabilitation or renovation project" at the building.

19.    On or about October 13, 2016 and thereafter, Plaintiffs made claim to defendants under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building due to the aforementioned covered physical loss and damage to the building.

20.    Defendants have failed and refused, and continue to fail and refuse, to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building, despite demands that such payment be made.

21.    Defendants' continued refusal to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building was and is unjustified and constitutes a breach of contract.

4

Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 23 of 72

22.     As a result of defendants' breach of contract, plaintiffs have been damaged in a sum in excess of $550,671, no portion of which has been paid to plaintiffs despite demands for such payment.

23.     On or about October 2, 2018 and October 3, 2018, defendants agreed to extend plaintiffs' time to sue under the policy for the denial of the claim in question herein to and including January 11, 2019.

**WHEREFORE,** plaintiffs demand judgment against defendants for the sum of at least $550,671, together with pre-judgment interest from on or about October 13, 2016, and attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
      January 9, 2019

ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, LLP
Attorneys For Plaintiffs

By: _____
      Mark Ian Binsky
One Battery Park Plaza — 4th Floor
New York, New York 10004
(212) 422-1200
File No.: 31788
c

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
--------------------------------------------------------------------x
200 WATER PROPERTY OWNER, LLC, 177

*SEE RIDER*
*FOR FULL*                    Plaintiff/Petitioner,
*CAPTION*       - against -
                                                      Index No. 650168/2019

LIBERTY MUTUAL FIRE INSURANCE COM
                          Defendant/Respondent.
--------------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
New York State Courts E-filing system ("NYSCEF"), and

    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

Page 1 of 2                     EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: January 24, 2019

Name

Mark Ian Binsky, Esq.
Firm Name

Abrams, Gorelick, Friedman
+ Jacobson, LLP

Address

One Battery Park Plaza - 4th Floor
New York, NY 10004

Phone 212 422-1200

mbinsky@agfjlaw.com
E-Mail

To:  See Rider, Under "SERVICE

INFORMATION"

6/6/18

Index #          Page 2 of 2          EFM-1

11 of 12

Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 26 of 72

# RIDER TO NOTICE OF ELECTRONIC FILING
## (Mandatory Case)
## (Uniform Rule § 202.5-bb)

## THE FULL CAPTION OF CASE IS SET FORTH BELOW

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                Plaintiffs,

      -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

                Defendants.

---------------------------------------------------------------------x

Index No.: 650168/2019

SERVICE INFORMATION:

To the following defendants:

Liberty Mutual Fire Insurance Company;
Liberty Mutual Holding Company Inc.;
Liberty Mutual Group Inc.;
Liberty Mutual Insurance Company;
Liberty Mutual Insurance
The address for all of the above defendants is:

175 Berkeley Street
Boston, MA 02116-5066

FILED: NEW YORK COUNTY CLERK 03/14/2019 07:34 PM INDEX NO. 650168/2019
NYSCEF DOC. NO. [illegible] RECEIVED NYSCEF: [illegible]/2019

# AFFIDAVIT OF SERVICE

*Abrams Gorelick*
*N          495425*

STATE OF NEW YORK
COUNTY OF NEW YORK          SUPREME COURT    FILED ON: 1/9/2019    INDEX NO.: 650168/2019

---

200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, AND DUMBO ASSEMBLAGE, LLC                                      Plaintiff(s)-Petitioner(s)

-vs-

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET. AL.

                                                                   Defendant(s)-Respondent(s)

---

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY          being duly sworn, deposes and says that deponent is over the age of eighteen years,
is not a party in this proceeding and resides in New York State.

On JANUARY 29, 2019          at 10:50 A.M.
Deponent served two true copies of **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 650168/2019          and date of filing: 1/9/2019
upon **LIBERTY MUTUAL GROUP INC.**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

## MANNER OF SERVICE}

*Personal*
☐ By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐ By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after
conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒ By delivering and leaving 1 copy with} **SUE ZOUKY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 307 BCL and tendering the required fee.
Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐ By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above.
Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and
discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the
following dates and times:

*Mailing*
☒ Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository
under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential"
and mailed to the person stated above at address 175 BERKELEY STREET    BOSTON, MA 02116
on 1/29/2019 . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action
against the recipient. The envelope was mailed by__first class mail__ certified mail X registered mail X return receipt requested.
Certified or Registered number: RE674946336US

Deponent further states upon information and belief that said person so served is not in the Military service
of the State of New York or the United States as the term is defined in either State or Federal statutes.

DESCRIPTION} deponent describes the person actually served as:
Sex: FEMALE          Race/Skin Color: WHITE          Hair Color: BLONDE
Approximate Age: 60   years    Approximate Height: 5'4"          Approximate Weight: 130  pounds
Other:

Subscribed and sworn before me on} JANUARY 29, 2019

Attorney:

_____          Abrams, Fensterman, Fensterman,          _____
Notary Public, State of New York          Eisman, Formato, Ferrara, Wolf &          MARK E. MCCLOSKY
Karen E. Rock                              Carone LLP                              Deponent
Qualified in Schenectady County          1 Metrotech Center, Suite 1701
Number 01R06065213                        Brooklyn, New York 11201
Expires: October 9, 2021                  (718) 215-5300

          affidavit #: 188258          FIRM FILE # 495425
          NLS#: 19-930



SJ 495425

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

LIBERTY MUTUAL GROUP INC.
175 BERKLEY STREET
BOSTON, MA 02116

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X ☐ Agent  ☐ Addressee

B. Received by    RECEIVED    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

BOSTON OFFICE 0001

9590 9402 4645 8323 0997 11

2. Article Number (Transfer from service label)
RE 674 946 353 US

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
   Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt



USPS TRACKING #

9590 9402 4645 8323 0997 11

**United States Postal Service**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

* Sender: Please print your name, address, and ZIP+4® in this box*

P.O. Box 180
Burnt Hills, NY 12027

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                             Plaintiffs,

      -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
LIBERTY MUTUAL HOLDING COMPANY INC.,
LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL
INSURANCE COMPANY, and LIBERTY MUTUAL
INSURANCE,

                        Defendants
------------------------------------------------------------------------X

Index No.:

**SUMMONS**
Plaintiff's Address:
545 Fifth Avenue Suite 1400
New York, NY 10017

Plaintiffs designate New
York County as the venue
of this action

The basis of venue is a
Plaintiff's Resident County

Index No. purchased

on: _1/9/19_

To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer, or, if the complaint is not served with this summons, to serve a notice of appearance, on the Plaintiffs' attorney within 20 days after the service of this summons, exclusive of the day of service (or within 30 days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Dated:   New York, New York
         January 9, 2019

                               ABRAMS, GORELICK, FRIEDMAN &
                               JACOBSON, LLP
                               Attorneys for Plaintiffs

                               Mark Ian Binsky

FILED: NEW YORK ... Case 1:19-cv-08240-EGS Document 1-10 Filed 09/04/19 Page 30 of 72
NYSCEF DOC. NO. 1
INDEX NO. 650168/2019
RECEIVED NYSCEF: 01/09/2019

One Battery Park Plaza - 4th Floor
New York, New York  10004
Telephone:      (212) 422-1200
File No.:        31788
c

To the defendants:

Liberty Mutual Fire Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Holding Company Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Group Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance
175 Berkeley Street
Boston, MA 02116-5066

2

FILED: NEW YORK COUNTY CLERK 01/09/2019 Page 31 of 72
NYSCEF DOC. NO. 2                                   INDEX NO. 650168/2019
RECEIVED NYSCEF: 01/09/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                         Plaintiffs,

        -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

                      Defendants.

------------------------------------------------------------------x

Index No.:

**COMPLAINT**

       Plaintiffs, by their attorneys, Abrams, Gorelick, Friedman & Jacobson, LLP, as and for

their complaint herein, allege the following upon information and belief:

## THE PARTIES

       1.     At all times hereinafter mentioned, plaintiff, 200 WATER PROPERTY OWNER,

LLC ("Water LLC"), was a limited liability company, duly organized and existing under and by

virtue of the laws of the State of Delaware with authority to do business in the State of New

York.

       2.     At all times hereinafter mentioned, plaintiff, 177 FRONT STREET, LLC ("Front

LLC"), was a limited liability company, duly organized and existing under and by virtue of the

laws of the State of Delaware.

NYSCEF DOC. NO. 2                                         RECEIVED NYSCEF: 01/09/2019

3.      At all times hereinafter mentioned, plaintiff, 177 FRONT MEMBER, LLC ("Member LLC"), was a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

4.      At all times hereinafter mentioned, plaintiff, DUMBO ASSEMBLAGE, LLC ("Dumbo LLC"), was a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware with authority to do business in the State of New York.

5.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin and licensed in the State of New York to conduct the business of insurance.

6.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL HOLDING COMPANY INC. was a foreign corporation.

7.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL GROUP INC., was a corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts with authority to do business in the State of New York.

8.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and licensed in the State of New York to conduct the business of insurance.

9.      At all times hereinafter mentioned, defendant, LIBERTY MUTUAL INSURANCE, was a foreign corporation.

2

Case 1:19-cv-08246-EGS Document 16 Filed 09/04/19 Page 33 of 72
NYSCEF DOC. NO. 2

INDEX NO. 650168/2019
RECEIVED NYSCEF: 01/09/2019

## AS AND FOR PLAINTIFFS' CAUSE OF ACTION
## IN BREACH OF CONTRACT

10.     Plaintiffs repeat, reiterate and re-allege each and every allegation set forth, *supra*, in paragraphs 1 through 9, inclusive, with the same force and effect as though they were more fully set forth at length herein.

11.     On or about May 13, 2014, defendants, for good and valuable consideration, issued an insurance policy ("the policy"), bearing policy number `REDACTED`                :0-024, to Water LLC., the named insured, with Front LLC, Member LLC and Dumbo LLC named as additional insureds on the policy. The policy was subsequently renewed and was in full force and effect on or about October 13, 2016.

12.     The policy provided (*inter alia*) builders' risk coverage on an all-risk basis for the "jobsite" described in the policy as 200 Water Street Brooklyn, NY 11201 ("the building") and the "rehabilitation or renovation project" plaintiffs were conducting at the building during the time the policy was in full force and effect.

13.     The policy included (*inter alia*) first party property insurance coverage for "existing buildings" and afforded plaintiffs "delay in completion" coverage as well.

14.     On or about October 13, 2016, while the policy was in full force and effect, the building suffered physical loss and damage from a peril covered by the policy.

3

Case 1:19-cv-08246-LGS   Document 1-8   Filed 09/04/19   Page 34 of 72
NYSCEF DOC. NO. 2                                          RECEIVED NYSCEF: 01/09/2019

15.     Plaintiffs made claim to defendants under the policy for the physical loss and damage to the building.

16.     Defendants paid plaintiffs on their claim for physical loss and damage to the building.

17.     By paying plaintiffs on their claim for physical loss and damage to the building, defendants admitted that the physical loss and damage that was the subject of the claim was covered under the policy.

18.     The aforementioned physical loss and damage to the building also caused a delay in completion of plaintiffs' "rehabilitation or renovation project" at the building.

19.     On or about October 13, 2016 and thereafter, Plaintiffs made claim to defendants under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building due to the aforementioned covered physical loss and damage to the building.

20.     Defendants have failed and refused, and continue to fail and refuse, to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building, despite demands that such payment be made.

21.     Defendants' continued refusal to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building was and is unjustified and constitutes a breach of contract.

4

22.    As a result of defendants' breach of contract, plaintiffs have been damaged in a sum in excess of $550,671, no portion of which has been paid to plaintiffs despite demands for such payment.

23.    On or about October 2, 2018 and October 3, 2018, defendants agreed to extend plaintiffs' time to sue under the policy for the denial of the claim in question herein to and including January 11, 2019.

**WHEREFORE,** plaintiffs demand judgment against defendants for the sum of at least $550,671, together with pre-judgment interest from on or about October 13, 2016, and attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
      January 9, 2019

ABRAMS, GORELICK, FRIEDMAN &
JACOBSON, LLP
Attorneys For Plaintiffs

By: _____
     Mark Ian Binsky
One Battery Park Plaza — 4th Floor
New York, New York 10004
(212) 422-1200
File No.: 31788
c

5

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF** NEW YORK
-----------------------------------------------------------------x
200 WATER PROPERTY OWNER, LLC, 177

*SEE RIDER*                      Plaintiff/Petitioner,
*FOR FULL*
*CAPTION*      - against -                                    Index No. 650168/2019

LIBERTY MUTUAL FIRE INSURANCE COM
                              Defendant/Respondent.
-----------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated:  January 24, 2019

| Name | Address |
|---|---|
| Mark Ian Binsky, Esq. | One Battery Park Plaza - 4th Floor |
| Firm Name | New York, NY 10004 |
| Abrams, Gorelick, Friedman + Jacobson, LLP | |
| | Phone 212 422-1200 |
| | mbinsky@agfjlaw.com |
| | E-Mail |

To:   See Rider, Under "SERVICE

INFORMATION"

6/6/18

Index  #                    Page 2  of 2                    EFM-1

FILED: NEW YORK COUNTY CLERK 03/14/2019 07:24 PM
NYSCEF DOC. NO.    Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 38 of 72/SCEF: 03/14/2019

INDEX NO. 650168/2019

# RIDER TO NOTICE OF ELECTRONIC FILING
## (Mandatory Case)
## (Uniform Rule § 202.5-bb)


## THE FULL CAPTION OF CASE IS SET FORTH BELOW

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

               Plaintiffs,

      -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

               Defendants.
------------------------------------------------------------------------X

Index No.: 650168/2019


SERVICE INFORMATION:

To the following defendants:

Liberty Mutual Fire Insurance Company;
Liberty Mutual Holding Company Inc.;
Liberty Mutual Group Inc.;
Liberty Mutual Insurance Company;
Liberty Mutual Insurance
The address for all of the above defendants is:

175 Berkeley Street
Boston, MA 02116-5066

*Abrams Gorelick*
*N    495427*

## AFFIDAVIT OF SERVICE

STATE OF NEW YORK
COUNTY OF NEW YORK    SUPREME COURT    FILED ON: 1/9/2019    INDEX NO.: 650168/2019

200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER, LLC, AND DUMBO ASSEMBLAGE, LLC

Plaintiff(s)-Petitioner(s)

-vs-

LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET. AL.

Defendant(s)-Respondent(s)

STATE OF NEW YORK}
COUNTY OF SARATOGA ss.}

I, MARK E. MCCLOSKY    being duly sworn, deposes and says that deponent is over the age of eighteen years, is not a party in this proceeding and resides in New York State.

On  JANUARY 29, 2019    at  10:50 A.M.
Deponent served two true copies of  **NOTICE OF ELECTRONIC FILING, SUMMONS AND COMPLAINT**

bearing index number: 650168/2019    and date of filing: 1/9/2019
upon **LIBERTY MUTUAL INSURANCE COMPANY**
at address: **SECRETARY OF STATE, 99 WASHINGTON AVENUE**
city and state: **ALBANY, NY 12210**

<u>MANNER OF SERVICE}</u>

*Personal*
☐    By delivering to and leaving with personally}
known to the deponent to be the same person mentioned and described in the above proceeding as the person to be served.

*Suitable Age Person*
☐    By delivering and leaving with personally}
at the premises mentioned above. Such person knowing the person to be served and associated with him/her, and after conversing with him/her, deponent believes him/her to be a suitable age and discretion.

*Authorized Agent*
☒    By delivering and leaving 1 copy with} **SUE ZOUKY, BUSINESS DOCUMENT SPECIALIST**
the agent for service on the person in this proceeding designated under Rule 307 BCL and tendering the required fee. Service having been made to such person at the place, date and time above.

*Affixing to Door, Etc.*
☐    By affixing a true copy of each to the door of the actual place of business, dwelling place or usual place of abode stated above. Deponent was unable with due diligence to find the proper or authorized person to be served, or a person of suitable age and discretion at the actual place of business, dwelling place or usual place of abode stated above after having called there on the following dates and times:

*Mailing*
☒    Deponent completed service by depositing a true copy of each in a postpaid, properly addressed envelope in an official depository under the exclusive care and custody of the United States Postal Service. The package was labeled "Personal & Confidential" and mailed to the person stated above at address 175 BERKELEY STREET    BOSTON, MA 02116
on 1/29/2019 . The envelope did not indicate on the outside that the communication was from an attorney or concerned an action against the recipient. The envelope was mailed by __first class mail __ certified mail X registered mail X return receipt requested.
Certified or Registered number: RE674946336US

Deponent further states upon information and belief that said person so served is not in the Military service of the State of New York or the United States as the term is defined in either State or Federal statutes.

<u>DESCRIPTION}</u> deponent describes the person actually served as:
Sex: FEMALE    Race/Skin Color: WHITE    Hair Color: BLONDE
Approximate Age: 60    years    Approximate Height: 5'4"    Approximate Weight: 130  pounds
Other:

Subscribed and sworn before me on} JANUARY 29, 2019

Attorney:

_____
Notary Public, State of New York
Karen E. Rock
Qualified in Schenectady County
Number 01R06065213
Expires: October 9, 2021

Abrams, Fensterman, Fensterman, Eisman, Formato, Ferrara, Wolf & Carone LLP
1 Metrotech Center, Suite 1701
Brooklyn, New York 11201
(718) 215-5300
FIRM FILE # 495427

_____
MARK E. MCCLOSKY
Deponent

affidavit #: 188257
NLS#: 19-930



SS 495427

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

RECEIVED
BOSTON OFFICE 0001

D. Is delivery address different from item 1?    ☐ Yes
If YES, enter delivery address below:    ☐ No

1. LIBERTY MUTUAL INSURANCE COMPANY
175 BERKLEY STREET
BOSTON, MA 02116

9590 9402 4645 8323 0999 95

2. Article Number (Transfer from service label)
RE 674 946 336 US

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
   (over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053    Domestic Return Receipt

---

USPS TRACKING #

9590 9402 4645 8323 0999 95

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

P.O. Box 180
Burnt Hills, NY 12027

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-----------------------------------------------------------------------X

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                             Plaintiffs,

          -against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,
LIBERTY MUTUAL HOLDING COMPANY INC.,
LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL
INSURANCE COMPANY, and LIBERTY MUTUAL
INSURANCE,

                       Defendants

-----------------------------------------------------------------------X

Index No.:

**SUMMONS**

Plaintiff's Address:
545 Fifth Avenue Suite 1400
New York, NY 10017

Plaintiffs designate New
York County as the venue
of this action

The basis of venue is a
Plaintiff's Resident County

Index No. purchased

on: 1/9/19

To the above named defendant(s):

**YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy
of your answer, or, if the complaint is not served with this summons, to serve a notice of
appearance, on the Plaintiffs' attorney within 20 days after the service of this summons,
exclusive of the day of service (or within 30 days after the service is complete if this summons is
not personally delivered to you within the State of New York); and in case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the
complaint.

Dated:    New York, New York
          January 9, 2019

                                   ABRAMS, GORELICK, FRIEDMAN &
                                   JACOBSON, LLP
                                   Attorneys for Plaintiffs

                                   Mark Ian Binsky

FILED: NEW YORK COUNTY CLERK 01/09/2019 08:46 PM
INDEX NO. 650168/2019
NYSCEF DOC. NO. 1
RECEIVED NYSCEF: 01/09/2019

One Battery Park Plaza - 4th Floor
New York, New York  10004
Telephone:     (212) 422-1200
File No.:        31788
c

To the defendants:

Liberty Mutual Fire Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Holding Company Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Group Inc.
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance Company
175 Berkeley Street
Boston, MA 02116-5066

Liberty Mutual Insurance
175 Berkeley Street
Boston, MA 02116-5066

2

FILED: NEW YORK COUNTY CLERK 01/09/2019 Page 43 of 72 INDEX NO. 650168/2019
NYSCEF DOC. NO. 12 RECEIVED NYSCEF: 01/09/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                                  Plaintiffs,

            -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

                               Defendants.

------------------------------------------------------------------x

Index No.:

**COMPLAINT**

Plaintiffs, by their attorneys, Abrams, Gorelick, Friedman & Jacobson, LLP, as and for

their complaint herein, allege the following upon information and belief:

## THE PARTIES

1.      At all times hereinafter mentioned, plaintiff, 200 WATER PROPERTY OWNER,

LLC ("Water LLC"), was a limited liability company, duly organized and existing under and by

virtue of the laws of the State of Delaware with authority to do business in the State of New

York.

2.      At all times hereinafter mentioned, plaintiff, 177 FRONT STREET, LLC ("Front

LLC"), was a limited liability company, duly organized and existing under and by virtue of the

laws of the State of Delaware.

FILED: NEW YORK COUNTY CLERK 09/04/2019 01:09 PM
INDEX NO. 650168/2019
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 01/09/2019

3.     At all times hereinafter mentioned, plaintiff, 177 FRONT MEMBER, LLC ("Member LLC"), was a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware.

4.     At all times hereinafter mentioned, plaintiff, DUMBO ASSEMBLAGE, LLC ("Dumbo LLC"), was a limited liability company, duly organized and existing under and by virtue of the laws of the State of Delaware with authority to do business in the State of New York.

5.     At all times hereinafter mentioned, defendant, LIBERTY MUTUAL FIRE INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue of the laws of the State of Wisconsin and licensed in the State of New York to conduct the business of insurance.

6.     At all times hereinafter mentioned, defendant, LIBERTY MUTUAL HOLDING COMPANY INC. was a foreign corporation.

7.     At all times hereinafter mentioned, defendant, LIBERTY MUTUAL GROUP INC., was a corporation, duly organized and existing under and by virtue of the laws of the State of Massachusetts with authority to do business in the State of New York.

8.     At all times hereinafter mentioned, defendant, LIBERTY MUTUAL INSURANCE COMPANY, was a corporation duly organized and existing under and by virtue of the laws of the State of Massachusetts and licensed in the State of New York to conduct the business of insurance.

9.     At all times hereinafter mentioned, defendant, LIBERTY MUTUAL INSURANCE, was a foreign corporation.

2

FILED: NEW YORK COUNTY CLERK 01/09/2019
NYSCEF DOC. NO. 2
RECEIVED NYSCEF: 01/09/2019

## AS AND FOR PLAINTIFFS' CAUSE OF ACTION
## IN BREACH OF CONTRACT

10.    Plaintiffs repeat, reiterate and re-allege each and every allegation set forth, *supra*, in paragraphs 1 through 9, inclusive, with the same force and effect as though they were more fully set forth at length herein.

11.    On or about May 13, 2014, defendants, for good and valuable consideration, issued an insurance policy ("the policy"), bearing policy number `REDACTED` :0-024, to Water LLC., the named insured, with Front LLC, Member LLC and Dumbo LLC named as additional insureds on the policy. The policy was subsequently renewed and was in full force and effect on or about October 13, 2016.

12.    The policy provided (*inter alia*) builders' risk coverage on an all-risk basis for the "jobsite" described in the policy as 200 Water Street Brooklyn, NY 11201 ("the building") and the "rehabilitation or renovation project" plaintiffs were conducting at the building during the time the policy was in full force and effect.

13.    The policy included (*inter alia*) first party property insurance coverage for "existing buildings" and afforded plaintiffs "delay in completion" coverage as well.

14.    On or about October 13, 2016, while the policy was in full force and effect, the building suffered physical loss and damage from a peril covered by the policy.

3

15.     Plaintiffs made claim to defendants under the policy for the physical loss and damage to the building.

16.     Defendants paid plaintiffs on their claim for physical loss and damage to the building.

17.     By paying plaintiffs on their claim for physical loss and damage to the building, defendants admitted that the physical loss and damage that was the subject of the claim was covered under the policy.

18.     The aforementioned physical loss and damage to the building also caused a delay in completion of plaintiffs' "rehabilitation or renovation project" at the building.

19.     On or about October 13, 2016 and thereafter, Plaintiffs made claim to defendants under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building due to the aforementioned covered physical loss and damage to the building.

20.     Defendants have failed and refused, and continue to fail and refuse, to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building, despite demands that such payment be made.

21.     Defendants' continued refusal to pay plaintiffs' claim under the policy for the costs of the delay in completion of plaintiffs' "rehabilitation or renovation project" at the building was and is unjustified and constitutes a breach of contract.

4

22.     As a result of defendants' breach of contract, plaintiffs have been damaged in a sum in excess of $550,671, no portion of which has been paid to plaintiffs despite demands for such payment.

23.     On or about October 2, 2018 and October 3, 2018, defendants agreed to extend plaintiffs' time to sue under the policy for the denial of the claim in question herein to and including January 11, 2019.

**WHEREFORE,** plaintiffs demand judgment against defendants for the sum of at least $550,671, together with pre-judgment interest from on or about October 13, 2016, and attorneys' fees and the costs and disbursements of this action.

Dated: New York, New York
       January 9, 2019


ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP
Attorneys For Plaintiffs

By: _M. I. Binsky_
       Mark Ian Binsky
One Battery Park Plaza — 4th Floor
New York, New York 10004
(212) 422-1200
File No.: 31788
c

5

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
200 WATER PROPERTY OWNER, LLC, 177

*SEE RIDER*                    Plaintiff/Petitioner,
*FOR FULL*
*CAPTION*        - against -                          Index No. 650168/2019

LIBERTY MUTUAL FIRE INSURANCE COM.
                        Defendant/Respondent.
-------------------------------------------------------------------x

### NOTICE OF ELECTRONIC FILING
### (Mandatory Case)
(Uniform Rule § 202.5-bb)

**You have received this Notice because:**

>    1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the
>    New York State Courts E-filing system ("NYSCEF"), and

>    2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:**
  Give this Notice to your attorney.  (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:**
  **You will be served with all documents in paper and you must serve and file your
  documents in paper, unless you choose to participate in e-filing.**

  **If you choose to participate in e-filing, you must have access to a computer and a
  scanner or other device to convert documents into electronic format, a connection
  to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically

- free access to view and print your e-filed documents

- limiting your number of trips to the courthouse

- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court
  contact information can be found at www.nycourts.gov

Page 1 of 2                                          EFM-1

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: efile@nycourts.gov).

Dated: January 24, 2019

| Name | Address |
|------|---------|
| Mark Ian Binsky, Esq. | One Battery Park Plaza - 4th Floor |
| Firm Name | New York, NY 10004 |
| Abrams, Gorelick, Friedman + Jacobson, LLP | |
| | Phone 212 422-1200 |
| | mbinsky@agfjlaw.com |
| | E-Mail |

To: See Rider, Under "SERVICE

INFORMATION"

6/6/18

Index  #                    Page 2  of 2                    EFM-1

# RIDER TO NOTICE OF ELECTRONIC FILING
## (Mandatory Case)
## (Uniform Rule § 202.5-bb)

## THE FULL CAPTION OF CASE IS SET FORTH BELOW

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

                  Plaintiffs,

               -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

                  Defendants.
-------------------------------------------------------------------x

Index No.: 650168/2019

SERVICE INFORMATION:

To the following defendants:

Liberty Mutual Fire Insurance Company;
Liberty Mutual Holding Company Inc.;
Liberty Mutual Group Inc.;
Liberty Mutual Insurance Company;
Liberty Mutual Insurance
The address for all of the above defendants is:

175 Berkeley Street
Boston, MA 02116-5066

**SUPREME**

**STATE OF NEW YORK, COUNTY OF NEW YORK**

INDEX #: 650168/2019

Attorneys: Company: ABRAMS, GORELICK, FRIEDMAN & JACOBSON LLP PH: (212) 422-1200
Address: ONE BATTERY PARK PLAZA 4TH FL NEW YORK, NEW YORK 10004

Date Filed: 01/09/2019

Client's File No.:

### 200 WATER PROPERTY OWNER, LLC ETC

*Plaintiff*

*vs*

### LIBERTY MUTUAL FIRE INSURANCE COMPANY, ETC

*Defendant*

| | | |
|---|---|---|
| STATE OF ___MA___ , COUNTY OF ___SUFFOLK___ SS.: | | **AFFIDAVIT OF SERVICE** |

___JOHN RYMASZOWSKI___ , being duly sworn deposes and says:

Deponent is not a party herein, is over 18 years of age. On ___3/5/19___ at ___10:10 AM___,
at ___C/O CSC, 84 STATE ST., BOSTON, MA___ , deponent served the within
__SUMMONS & COMPLAINT WITH NOTICE OF ELECTRONIC FILING, RIDER TO NOTICE OF ELECTRONIC FILING__

on: **LIBERTY MUTUAL INSURANCE**  *ADDRESS CORRECTION MUST SERVE C/O CSC, 84 STATE ST., BOSTON, MA REGISTERED AGENT* therein named.

**#1 INDIVIDUAL** [ ] By delivering a true copy of each to said recipient personally; deponent knew the person served to be the person described as said person therein.

**#2 CORPORATION** [X] By delivering thereat a true copy of each to ___JIM DIVINCENZO___ and that deponent knew the person so served to be the ___CLERK___ of the corporation, and authorized to to accept service on behalf of the corporation.

**#3 SUITABLE AGE PERSON** [ ] By delivering a true copy of each to _____ a person of suitable age and discretion. Said premises is recipient's [ ] actual place of business [ ] dwelling house (usual place of abode) within the state.

**#4 AFFIXING TO DOOR** [ ] By affixing a true copy of each to the door of said premises, which is recipient's: [ ] actual place of business [ ] dwelling house (place of abode) within the state.

Deponent was unable, with due diligence to find recipient or a person of suitable age and discretion, having called
thereat on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____
on the _____ day of _____ at _____

**#5 MAIL COPY** [ ] On _____ , deponent completed service under the last two sections by depositing a copy of the _____ to the above address in a 1st Class postpaid properly addressed envelope marked "Personal and Confidential" in an official depository under the exclusive care and custody of the United States Post Office in the State of _____.
[ ] and by Certified Mail # _____.

**#6 NON-SRVC** [ ] After due search, careful inquiry and diligent attempts, I have been unable to effect process upon the person/entity being served because of the following: [ ] Unknown at Address [ ] Evading [ ] Moved left no forwarding [ ] Address does not exist [ ] Other:

**#7 DESCRIPTION** [ ] A description of the Defendant, or other person served, or spoken to on behalf of the Defendant is as follows:
(use with #1, 2 or 3) Sex: ___M___ Color of skin: ___WHITE___ Color of hair: ___GRAY___ Age: ___55___ Height: ___5'11"___
Weight: ___225___ Other Features: _____

**#8 WIT FEES** Subpoena Fee Tendered in the amount of

**#9 MILITARY SRVC** [ ] Deponent asked person spoken to whether the recipient was presently in military service of the United States Government or of the State of _____ and was informed that recipient was not. Recipient wore ordinary civilian clothes and no military u

**#10 OTHER** _____

Sworn to before me on ___3/5/19___

*[Notary seal: DAVID AYLES, COMMISSION EXPIRES DECEMBER ... 2019, NOTARY PUBLIC, COMMONWEALTH OF MASSACHUSETTS]*

_____
**Please Print Name Below Signature**
JOHN RYMASZOWSKI
Job # 495428

1 of 1

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT
MEMBER, LLC, and DUMBO
ASSEMBLAGE, LLC,

INDEX NO. 650168/2019

                   Plaintiffs,

-against-

***DEFENDANTS' ANSWER and SEPARATE
DEFENSES to PLAINTIFFS' COMPLAINT***

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL
HOLDING COMPANY, INC., LIBERTY
MUTUAL GROUP, INC., LIBERTY
MUTUAL INSURANCE COMPANY and
LIBERTY MUTUAL INSURANCE,

                   Defendants.

Defendants, Liberty Mutual Fire Insurance Company ("LM Fire"), Liberty Mutual Holding Company, Inc. ("LM Holding"), Liberty Mutual Group, Inc. ("LM Group"), Liberty Mutual Insurance Company ("LM Insurance") and Liberty Mutual Insurance, a legal non-entity, (hereinafter sometimes referred to collectively as "Defendants"), by their undersigned attorneys, Finazzo Cossolini O'Leary Meola & Hager, LLC, answer the Complaint of Plaintiffs, 200 Water Property Owner, LLC, 177 Front Street, LLC, 177 Front Member, LLC, and Dumbo Assemblage, LLC (hereinafter sometimes collectively referred to as "Plaintiffs"), in the above captioned matter as follows:

### AS AND FOR THEIR RESPONSE TO PLAINTIFFS' ALLEGATIONS REGARDING THE PARTIES

1.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

2.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Complaint.

3.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.      Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.      Admit the allegations contained in paragraph 5 of the Complaint.

6.      Deny the allegations contained in paragraph 6 of the Complaint, except admit that LM Holding is a Massachusetts corporation with its principal place of business in Massachusetts.

7.      Deny the allegations contained in paragraph 7 of the Complaint, except admit that LM Group is a Massachusetts corporation with its principal place of business in Massachusetts.

8.      Admit the allegations contained in paragraph 8 of the Complaint.

9.      Deny the allegations contained in paragraph 9 of the Complaint.

## AS AND FOR THEIR RESPONSE TO
## PLAINTIFFS' CAUSE OF ACTION IN BREACH OF CONTRACT

10.     Defendants repeat and re-allege their responses to the allegations contained in Paragraphs 1 through 9 of Plaintiffs' Complaint as if set forth at length herein.

11.     Defendant LM Fire denies the allegations contained in Paragraph 11 of the Complaint, except to admit that: in July 2014, it issued the referenced insurance policy to 200 Water Property Owner, LLC (hereinafter referred to as the "LM Fire Policy"); at the time the LM Fire Policy was issued, it had an inception date of May 13, 2014 and an expiration date of May 13, 2016, at 12:01 a.m.; the LM Fire Policy was subsequently endorsed to extend its expiration until January 10, 2017 at 12:01 a.m.; premiums were paid for the LM Fire Policy and

2

the LM Fire Policy was in force and effect on October 13, 2016; and the LM Fire Policy was endorsed to add the other named Plaintiffs as additional insureds. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 of the Complaint.

12.     Defendant LM Fire denies the allegations contained in Paragraph 12 of the Complaint, except to admit that, subject to its terms, conditions, limitations and exclusions, the LM Fire Policy provided Plaintiffs with, among other coverages, builders' risk coverage on an all-risk basis for the renovation and rehabilitation of the existing building, as the project was described in the LM Fire Policy, which building was located at 200 Water Street, Brooklyn, New York and described as the jobsite, and respectfully refers the Court to the LM Fire Policy for all of its terms, conditions, limitations and exclusions. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 of the Complaint.

3

13.   Defendant LM Fire denies the allegations contained in Paragraph 13 of the Complaint, except to admit that, as it was defined under the LM Fire Policy, the existing building at 200 Water Street, Brooklyn, New York constituted insured property and the LM Fire Policy afforded Plaintiffs delay in completion coverage subject to the terms, conditions, limitations and exclusions of the LM Fire Policy, including the "Delay in Completion Coverage Part." Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint.

14.   Defendant LM Fire admits the allegations contained in Paragraph 14 of the Complaint. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint.

15.   Defendant LM Fire admits the allegations contained in Paragraph 15 of the Complaint in so far at it is alleged that Plaintiffs made a claim to LM Fire for the physical loss and damage to the building. Defendants LM Holding, LM Group and LM Insurance are not

4

parties to the LM Fire Policy and deny the allegations contained in paragraph 15 of the Complaint insofar as those allegations are directed against them. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies the allegations contained in Paragraph 15 of the Complaint.

16.     Defendant LM Fire denies the allegations contained in Paragraph 16 of the Complaint, except to admit that Plaintiffs and LM Fire agreed on the measure of the insured physical loss and damage to the building and that LM Fire indemnified Plaintiffs for the loss in the agreed amount. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy and deny the allegations contained in Paragraph 16 of the Complaint insofar as those allegations are directed against them. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies the allegations contained in paragraph 16 of the Complaint.

17.     Defendant LM Fire denies the allegations contained in Paragraph 17 of the Complaint, except avers that it does not dispute that the physical loss and damage to the building was an insured loss under the LM Fire Policy and that it fully indemnified Plaintiffs for that loss in the agreed amount. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy and deny the allegations contained in Paragraph 17 of the Complaint insofar as those allegations are directed against them. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies the allegations contained in Paragraph 17 of the Complaint.

5

18.     Defendant LM Fire denies the allegations contained in Paragraph 18 of the Complaint. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy, did not participate in the adjustment of the claim, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Defendant LM Fire denies the allegations contained in Paragraph 19 of the Complaint, except admits that Plaintiffs have submitted a claim contending that the physical damage that occurred on October 13, 2016 when a fire sprinkler head discharged delayed the completion of the project. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy, did not participate in the adjustment of the claim, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint.

20.     Defendant LM Fire denies the allegations contained in Paragraph 20 of the Complaint, except admits that it has not paid Plaintiffs their delay in completion claim because Plaintiffs have been unable to prove how, if at all, the physical damage that occurred on October

6

FILED: NEW YORK COUNTY CLERK 03/20/2019 03:27 PM
NYSCEF DOC. NO.    Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 58 of 72   RECEIVED NYSCEF: 03/20/2019

INDEX NO. 650168/2019

13, 2016 delayed the completion of the project. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy, did not participate in the adjustment of the claim, and deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20 of the Complaint.

21.    Defendants LM Fire, LM Holding, LM Group and LM Insurance deny the allegations contained in Paragraph 21 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies the allegations contained in Paragraph 21 of the Complaint.

22.    Defendants LM Fire, LM Holding, LM Group and LM Insurance deny the allegations contained in Paragraph 22 of the Complaint. Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies the allegations contained in Paragraph 22 of the Complaint.

23.    Defendant LM Fire admits the allegations contained in Paragraph 23 of the Complaint that it agreed to extend until January 11, 2019 Plaintiffs' time to bring suit under the LM Fire Policy. Defendants LM Holding, LM Group and LM Insurance are not parties to the LM Fire Policy and deny the allegations contained in Paragraph 23 of the Complaint insofar as those allegations are directed against them. Defendant Liberty Mutual Insurance is not a legal

7

entity and, accordingly, cannot respond to Plaintiffs' allegations. In the event it is determined that a response by Liberty Mutual Insurance would be proper and required, Liberty Mutual Insurance denies the allegations contained in Paragraph 23 of the Complaint.

## SEPARATE DEFENSES

Defendants asserts the following separate defenses without assuming any burden of proof or persuasion.

### FIRST SEPARATE DEFENSE

24.   The Complaint fails to state a cause of action upon which relief may be granted.

### SECOND SEPARATE DEFENSE

25.   Defendants LM Holding, LM Group and LM Insurance are not proper parties to this lawsuit because they did not issue the LM Fire Policy and, accordingly, Defendants LM Holding, LM Group and LM Insurance each reserve the right to move for dismissal of the Complaint as against them at or before the time of trial.

### THIRD SEPARATE DEFENSE

26.   Defendant Liberty Mutual Insurance is not a legal entity and, accordingly, Plaintiffs cannot maintain a cause of action or this lawsuit against it.

### FOURTH SEPARATE DEFENSE

27.   Defendant Liberty Mutual Fire Insurance Company has paid Plaintiffs all amounts to which Plaintiffs are currently entitled under the LM Fire Policy and, consequently, it is not in breach of its obligations under the LM Fire Policy.

8

## FIFTH SEPARATE DEFENSE

28.     The coverage provided by the **DELAY IN COMPLETION COVERAGE PART** of the LM Fire Policy provides, in pertinent part, as follows:

> If shown as applicable on the Delay In Completion Schedule, "we" provide the following coverages:

> 1.  **Additional Construction Expenses –**
>
>     a.  **Coverage** – "We" pay for additional construction expenses incurred during the "delay period".
>
>     b.  **Coverage Limitation** – "We" only cover additional construction expenses that arise out of a "delay" to a "building or structure" at a "jobsite' described on the Delay in Completion Schedule.
>
>     c.  **Additional Construction Expenses Means** – Additional construction expenses means the necessary and reasonable expenses relating to the construction, erection, or fabrication of a covered "building or structure" that are over and above those expenses that would have been incurred had there been no "delay period".
>
>     Additional construction expenses are limited to:
>
> *       *       *
>
> 2.  **Additional Soft Costs –**
>
>     a.  **Coverage** – "We" pay for soft costs incurred during the "delay period".
>
>     b.  **Coverage Limitation** – "We" only cover soft costs that arise out of a "delay" to a "building or structure" at a "jobsite' described on the Delay in Completion Schedule.
>
>     c.  **Soft Costs Means** – Soft costs means the necessary and reasonable expenses relating to the construction, erection, or fabrication of a covered "building or structure" that are over and above those

9

expenses that would have been incurred had there
been no "delay period".

Soft costs are limited to:

\*          \*          \*

29.     **The DELAY IN COMPLETION COVERAGE PART** of the LM Fire Policy

defines the terms "Delay" and "Delay Period" as follows:

2.      "Delay" means an interruption in the construction, erection, or
fabrication of a "building or structure" caused by a covered peril.

"Delay" does not mean an interruption in or extension of
construction, erection or fabrication caused by or resulting from a
change order, design change, or other action or decision that is
independent of direct physical loss or damage caused by a covered
peril for which payment is made under the Builders' Risk
Coverage form to which this coverage part is endorsed, whether
occurring prior to or after such physical loss or damage.

3.      "Delay Period"

a.      "Delay Period" means the period of time the completion of
the construction, erection, or fabrication of a covered
"building or structure" is "delayed" as a result of direct
physical loss or damage caused by a covered peril to
property covered under the Builders' Risk Coverage form
to which this coverage part is attached.

This is not limited to the expiration date of the policy.

b.      "Delay period" does not mean the increased time:

1)      required to comply with the enforcement of any
ordinance, law, or decree that:

a)      regulates the use or repair of any property; and

b)      requires "you" or anyone else to test for,
monitor, clean-up, remove, contain, treat,
detoxify, or neutralize or in any way respond
to or assess the effects of "pollutants".

10

       2)      caused by or resulting from a change order, design change, or other action or decision that is independent of direct physical loss or damage caused by a covered peril for which payment is made under the Builders' Risk Coverage form to which this coverage part is endorsed, whether occurring prior to or after such physical loss or damage.

30.     At the time the insured event of damage occurred on or about October 13, 2016, the construction of the building was already behind due to causes other than the insured physical damage for which payment has been made by LM Fire under the LM Fire Policy.

31.     Plaintiffs have not demonstrated that the completion of the construction of the building was delayed by the insured physical damage that occurred on or about October 13, 2016, or what "additional construction expenses" or "additional soft costs", if any, were incurred and arose out of any such delay. Accordingly, Plaintiffs claim in this action should be dismissed.

### SIXTH SEPARATE DEFENSE

32.     The Delay in Completion Coverage provided by the LM Fire Policy is subject to the exclusions shown in the Builders' Risk Coverage form and the certain additional exclusions specific to the Delay in Completion Coverage including, in pertinent part, the following:

"We" do not pay for any additional expenses, costs, or losses due to any increase in the "delay period" caused directly or indirectly by one or more of the following excluded causes or events, regardless of any other causes or events that contribute to the "delay period", whether such causes or events act before, at the same time as, or after the excluded causes or events:

*     *     *

2.     **Change Order** – Any change order, design change, or other action or decision which results in a "delay" in the completion of the covered project and is independent of direct physical loss or damage caused by a covered peril for which payment is made under the Builders' Risk Coverage form to which this coverage part is endorsed, whether occurring prior to or after such physical loss or damage.

11

33.     To the extent any delay in the completion of the construction of the building was caused directly or indirectly by changes orders independent of the direct physical damage caused by the covered peril for which payment was made by LM Fire under the LM Fire Policy, the LM Fire Policy provides no coverage for any loss of incurred additional construction expenses or additional soft costs.

### SEVENTH SEPARATE DEFENSE

34.     The Delay in Completion Coverage provided by the LM Fire Policy is subject to certain conditions in addition to the conditions governing the **BUILDERS' RISK COVERAGE – REHABILITATION AND RENOVATION** Coverage, which include, in pertinent part, the following:

**WHAT MUST BE DONE IN CASE OF LOSS**

\*          \*          \*

1.     **Due Diligence To Rebuild Or Restore** –

"We" only pay for "expenses and losses" under this coverage part during the period of time that would be required with due diligence and dispatch to rebuild or restore the damaged "building or structure" with materials of like kind and quality.

"You" must do everything reasonably possible to minimize covered "expenses and losses".

\*          \*          \*

3.     **Interference And Access** –

a.     **Minimize Interference** – "You" must minimize any interference with the construction schedule to avoid or reduce any resulting "delay."

35.     In the event it is determined that Plaintiffs did not do everything reasonably possible to mitigate any delay in the completion of the building and did not do everything

12

reasonably possible to minimize any covered delay expenses and losses, including minimizing

any interference with the construction delay, there is no coverage under the LM Policy for

Plaintiffs' delay in completion claim.

## **EIGHTH SEPARATE DEFENSE**

36.    The coverages provided by the LM Fire Policy are subject to certain conditions,

including the conditions governing when loss under the LM Fire Policy is payable. The **LOSS**

**PAYMENT** section of the **BUILDERS' RISK COVERAGE – REHABILITATION AND**

**RENOVATION FORM**, Form IM 7054 08 12, provides, in pertinent part, as follows:

> 2.    **Your Losses –**
>
> > b.    **Conditions For Payment Of Loss –** An insured loss will
> > be payable 30 days after:
> >
> > > 1)    a satisfactory proof of loss is received; and
> > > 2)    the amount of loss has been established either by
> > > written agreement with "you" or the filing of an
> > > appraisal award with "us".

37.    No payments are presently due Plaintiffs under the LM Fire Policy because

Plaintiffs have not filed a satisfactory proof of loss and the amount of the claimed loss has not

been established either by written agreement or the filing of an appraisal award.

## **NINTH SEPARATE DEFENSE**

38.    Any coverage afforded by the LM Fire Policy is subject to any and all

deductibles, retained limits, retentions, self-insured retentions, Limits of Insurance, co-insurance

and "other insurance" provisions as stated in the LM Fire Policy, including the seven (7) waiting

period applicable under the Delay in Completion Coverage.

13

## TENTH SEPARATE DEFENSE

39.     The Complaint does not describe Plaintiffs' claims with sufficient particularity to allow Defendants to determine such other defenses that they may have in response to Plaintiffs' claims and/or causes of action.  Defendants therefore reserve the right to assert any and all defenses (policy based or otherwise) which may be pertinent to Plaintiffs' claims once the precise nature of the claims are ascertained.

**WHEREFORE**, Defendants, Liberty Mutual Fire Insurance Company, Liberty Mutual Holding Company, Inc., Liberty Mutual Group, Inc., Liberty Mutual Insurance Company and Liberty Mutual Insurance, request that this Honorable Court grant judgment in their favor against Plaintiffs as follows:

1.   Dismissing the Complaint with prejudice;

2.   Awarding Defendants their costs and expenses; and

3.   Awarding Defendants all other relief that the Court may deem to be just and equitable.

Dated: March 20, 2019

FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC

*Attorneys for Defendants,
Liberty Mutual Fire Insurance Company, Liberty
Mutual Holding Company, Inc., Liberty Mutual
Group, Inc., Liberty Mutual Insurance Company
and Liberty Mutual Insurance*

By: */s/ Christopher S. Finazzo*
     CHRISTOPHER S. FINAZZO

5 Penn Plaza, 23rd Floor
New York, New York 10001
(646) 378-203

14

- and -

67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960


TO:   Mark Ian Binsky, Esq.
      ABRAMS, GORELICK,
      FRIEDMAN & JACOBSEN, LLP
      *Attorneys for Plaintiffs*

      One Battery Park Plaza – 4th Floor
      New York, New York 10004
      (212) 422-1200

15

## ATTORNEY'S AFFIRMATION OF SERVICE

JONATHAN M. ZAGHA, an attorney duly admitted to practice law before the Courts of the State of New York, and counsel to the law firm of Finazzo Cossolini O'Leary Meola & Hager, LLC, affirms the following to be true, under the penalty of perjury:

On the 20th day of March, 2019, I served the annexed Answer to Plaintiffs' Complaint upon Plaintiffs by electronic filing and by depositing a true copy of same wrapped in a postage paid sealed envelope into a depository under the exclusive care and custody of the U.S. Postal Service, addressed as follows:

Mark Ian Binsky, Esq.
**ABRAMS, GORELICK,**
**FRIEDMAN & JACOBSEN, LLP**
One Battery Park Plaza – 4th Floor
New York, New York 10004

I also transmitted a copy of the Answer to Plaintiffs' counsel by electronic mail to the address, MBinsky@agfjlaw.com.

Dated: New York, New York
March 20, 2019

Jonathan M. Zagha

16

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------x

200 WATER PROPERTY OWNER, LLC, 177
FRONT STREET, LLC, 177 FRONT MEMBER,
LLC, and DUMBO ASSEMBLAGE, LLC,

Index No. 650168/2019

                         Plaintiffs,

**PLAINTIFFS' NOTICE OF
DEPOSITION TO
DEFENDANTS**

     -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY, LIBERTY MUTUAL HOLDING
COMPANY INC., LIBERTY MUTUAL GROUP
INC., LIBERTY MUTUAL INSURANCE
COMPANY, and LIBERTY MUTUAL
INSURANCE,

                       Defendants.

-------------------------------------------------------------x

SIRS:

     PLEASE TAKE NOTICE, that pursuant to Article 31 of the Civil Practice Law and

Rules the testimony, upon oral examination of plaintiff, Liberty Mutual Fire Insurance

Company, as an adverse party, by its officer(s) and/or authorized representative(s) having

knowledge of the facts and circumstances herein, will be taken before a notary public, who is

not an attorney, or employee of an attorney, for any party or prospective party herein and is

not a person who would be disqualified to act as a juror because of interest or because of

consanguinity or affinity to any party herein, at the offices of Abrams, Gorelick, Friedman

and Jacobson, LLP, One Battery Park Plaza, 4th floor, New York, New York 10004 on May

23, 2019 at 10:00 o'clock in the forenoon of that day with respect to evidence material and

necessary in the defense of this action:

That the said person(s) to be examined is/are required to produce at such examination the following:

> All claim files, underwriting files, policies, correspondence, books, records, documents and papers relating to the facts and circumstances herein, and relevant to said action and the issues herein, now in his/her/their custody or control, and all other evidences and writings, which he/she/they has/have in his/her/their custody or power concerning the subject matter of this action

Dated:    New York, New York
          March 26, 2019

                          ABRAMS, GORELICK, FRIEDMAN
                          & JACOBSON, LLP
                          Attorneys for Plaintiffs

                          By: _____
                                 Mark Ian Binsky
                          One Battery Park Plaza -4th Floor
                          New York, New York  10004
                          (212) 422-1200
                               File No.: 31788

TO:
Christopher S. Finazzo, Esq.
FINAZZO COSSOLINI O'LEARY
MEOLA & HAGER, LLC
Attorneys for Defendants,

Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 70 of 72

5 Penn Plaza, 23rd Floor
New York, New York 10001
(646) 378-2033
- and -
67 East Park Place, Suite 901
Morristown, New Jersey 07960
(973) 343-4960

FILED: NEW YORK COUNTY CLERK 07/02/2019 11:50 AM
NYSCEF DOC. NO. Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 71 of 72 NYSCEF: 07/02/2019

INDEX NO. 650168/2019

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER, LLC, and DUMBO ASSEMBLAGE, LLC,

Index No. 650168/2019

*Plaintiff,*

-against-

**CONSENT TO CHANGE ATTORNEYS**

LIBERTY MUTUAL FIRE INSURANCE COMPANY, LIBERTY MUTUAL HOLDING COMPANY INC., LIBERTY MUTUAL GROUP INC., LIBERTY MUTUAL INSURANCE COMPANY, and LIBERTY MUTUAL INSURANCE,

*Defendants.*

**IT IS HEREBY CONSENTED** that DESIDERIO, KAUFMAN & METZ, PC, Attn: Colin E. Kaufman, Esq., One Battery Park Plaza, 18th Floor, New York, New York 10004, be substituted as attorneys of record for Plaintiffs 200 WATER PROPERTY OWNER, LLC, 177 FRONT STREET, LLC, 177 FRONT MEMBER, LLC, and DUMBO ASSEMBLAGE, LLC (collectively, "Plaintiffs") in the above captioned action in place and stead of the undersigned outgoing attorneys as of the date hereof; and

**IT IS FURTHER AGREED** that facsimile (fax), pdf, or any other electronic signatures herein shall be deemed originals for the purpose of this document and shall have the same force and effect as original signatures, and that this document may be executed in counterparts.

Dated: New York, New York
June 25, 2019

ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP
*Outgoing Counsel for Plaintiffs*

By:    Mark Ian Binskey, Esq.
       One Battery Park Plaza, 4th Floor
       New York, New York 10004
       Tel: 212.422.1200

DESIDERIO, KAUFMAN & METZ, PC
*Incoming Counsel for Plaintiffs*

By:    John M. Desiderio, Esq.
       Colin E. Kaufman, Esq.
       One Battery Park Plaza, 18th Floor
       New York, New York 10004
       Tel: 212.825.0365

FILED: NEW YORK COUNTY CLERK 07/02/2019 11:50 AM
NYSCEF DOC. NO. Case 1:19-cv-08246-LGS   Document 1-6   Filed 09/04/19   Page 72 of 72

INDEX NO. 650168/2019
RECEIVED NYSCEF: 07/02/2019

200 WATER PROPERTY OWNER, LLC,
177 FRONT STREET, LLC,
177 FRONT MEMBER, LLC, and
DUMBO ASSEMBLAGE, LLC

By: _____
Shelly Listokin
Authorized Signatory for Plaintiffs


STATE OF New York )
                   ) ss:
COUNTY OF New York )

On the 28 day of June , 2019, before me, the undersigned, personally appeared **Shelly Listokin**, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
Notary Public

Emma F. Kruse
Notary Public State of N.Y
ID Number: 01KR6394288
Expires: 07/01/2023